UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANIE A. TULLOCH,

        Plaintiff,

Case No. 2:20-cv-10842

HONORABLE STEPHEN J. MURPHY, III

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**ORDER OVERRULING OBJECTIONS [23],
ADOPTING REPORT AND RECOMMENDATION [22],
DENYING PLAINTIFF'S MOTION FOR REMAND [19], AND
GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT [20]**

The Commissioner of the Social Security Administration ("SSA") denied the application of Plaintiff Joanie Tulloch for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 17-2, PgID 77–91. After the SSA Appeals Council declined to review the ruling, *id.* at 65–67, Plaintiff appealed. Magistrate Judge David R. Grand ordered a remand under 42 U.S.C. § 405(g). ECF 17-9, PgID 634–35. The case was then remanded to an ALJ. *Id.* at 637–39. In a recommended decision, the ALJ found that Plaintiff was not disabled. ECF 17-8, PgID 529–41. After Plaintiff objected to the recommended decision, the Appeals Council clarified that the ALJ mistakenly labeled the decision as recommended and the ALJ's decision was final. *Id.* at 521–27.

Plaintiff then timely filed for judicial review. ECF 1. The Court referred the matter to Magistrate Judge Patricia T. Morris, ECF 3, and Plaintiff moved for a

1

remand, ECF 19, and the Commissioner moved for summary judgment, ECF 20. Judge Morris issued a Report and Recommendation ("Report") and suggested that the Court deny Plaintiff's motion and grant the Commissioner's motion. ECF 22, PgID 2152. Plaintiff filed timely objections to the Report. ECF 24 After examining the record and considering Plaintiff's objections de novo, the Court concludes that her arguments lack merit. Accordingly, the Court will adopt the Report's findings, deny Plaintiff's remand motion, grant the Commissioner's summary judgment motion, and dismiss the complaint.

## BACKGROUND

The Report properly details the events leading to Plaintiff's action against the Commissioner. ECF 22, PgID 2152–72. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Federal Rule of Civil 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends on whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" so that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## DISCUSSION

Plaintiff raised three objections to the report. First, Plaintiff argued that the Report improperly concluded that the ALJ's residual functional capacity ("RFC") finding complied with the Court's order to consider the effects of Plaintiff's cervical radiculitis on the RFC. ECF 23, PgID 2191–94. Next, Plaintiff objected to the ALJ's one-sentence evaluation of the employer letter not complying with the Court's order. *Id.* at 2194–95. And last, Plaintiff objected to the ALJ's decision to discount the opinion evidence from Dr. Yang. *Id.* at 2195–97. The Court will address each objection in turn.

I.   RFC Finding's Compliance with the Court's Order

Plaintiff first objected that the Report incorrectly concluded that the ALJ's RFC finding complied with Judge Grand's remand order. ECF 23, PgID 2191–94. The Court will overrule the objection for two reasons. For one, Judge Grand's remand order explained the ALJ erred because it did not "thoroughly consider the effects of [the cervical spine] impairments on [Plaintiff's] RFC and," if the limitations from the impairments were irrelevant, then the ALJ would need to "explain why." ECF 17-9, PgID 632. For another, the remand order also instructed the ALJ to "reevaluate Dr. Yang's opinion" given the accommodations from Plaintiff's employer. *Id.* at 633. But the Report noted that the ALJ considered the limitations on remand. ECF 22, PgID 2178; *see also* ECF 17-8, PgID 538 (giving weight to the employer letter). And Plaintiff's objection that the ALJ failed "to mention or explain her rejection of the restrictions emanating from Cervical Radiculitis described in Dr. Yang's opinion" is irrelevant. ECF 23, PgID 2191. As the Commissioner pointed out, Dr. Yang never diagnosed Plaintiff with Cervical Radiculitis. ECF 24, PgID 2200 (citing ECF 17-16, PgID 1174). In short, the ALJ followed the remand order and the Report explained in detail why. ECF 22, PgID 2178–81. Thus, the Court will deny Plaintiff's first objection.

II.   ALJ's One-Sentence Evaluation

Next, Plaintiff objected to the ALJ's evaluation of the employer letter. ECF 23, PgID 2194. Plaintiff specifically claimed that the ALJ's one-sentence evaluation of the employer letter never addressed the work limitations explained by the employer

4

and so it did not comply with the remand order. *Id.* at 2194–95. But the Report discussed why the ALJ's treatment of the employer letter complied with Judge Grand's remand order. ECF 22, PgID 2183. The ALJ needed to "reevaluate Dr. Yang's opinion" given the accommodations from Plaintiff's employer. ECF 17-9, PgID 633. The ALJ did just that when the ALJ found that the letter had "[s]ome weight," which "supports a finding that [Plaintiff] had a sheltered work environment" in 2014. ECF 17-8, PgID 538. What is more, the ALJ properly considered that the letter "is not given much weight as to [Plaintiff's] current functioning." *Id.* And the reason it lacked much weight was that the letter did not address Plaintiff's "general ability to perform work." *Id.*

Still, Plaintiff contended that the ALJ needed to address the limitations explained in the letter—such as standing and walking—because the limitations "transcend *all* jobs." ECF 23, PgID 2195 (emphasis in original). But not *all* jobs require an employee to stand, walk, bend, or lift. And for that reason, the letter detailing Plaintiff's sheltered work environment had little long-term relevance to Plaintiff's function. And that is exactly what the ALJ found. ECF 17-8, PgID 538. As a result, the ALJ had no need to address the limitations when reevaluating Dr. Yang's opinion. In short, the ALJ properly weighed the employer letter, *id.*, and then reevaluated Dr. Yang's opinion after considering the letter's little weight, *id.* at 539. Thus, the ALJ properly considered what Judge Grand ordered on remand and sufficiently evaluated the employer letter. The Court will therefore overrule Plaintiff's second objection.

5

III. <u>ALJ's Decision to Discount Opinion Evidence</u>

Finally, Plaintiff objected to the ALJ's decision to discount Dr. Yang's opinion when it came to side-effects from taking Norco. ECF 23, PgID 2195–97. In particular, Plaintiff objected that the ALJ did not "mention[] or analyze[]" the side effects from the medication. *Id.* at 2197. But the Report properly explained that the ALJ discounted the opinion because there was no "objective medical evidence to support functional limitations related to medication side-effects." ECF 22, PgID 2187–88. After all, the evidence in the record had several denials of side-effects from medication. ECF 24, PgID 2203 (collecting cites). In any event, the ALJ considered the employer letter and Dr. Yang's opinion about the side effects. ECF 17-8, PgID 538–39. And, after considering the letter and opinion, the ALJ need not explicitly address the allegations of potential medical side-effects in its written decision. *Stec v. Comm'r of Soc. Sec.*, 743 F. Supp. 3d 719, 727 (E.D. Mich. 2020) ("[T]he requirement that the ALJ consider allegations of medical side-effects does not mandate their explicit mention in the written decision."). In sum, based on "the record as a whole," the ALJ properly considered the objective evidence of side-effects and "is supported by substantial evidence." *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 527 (6th Cir. 2014) (citing *Garner v. Heckler*, 745 F.3d 383, 388 (6th Cir. 1984)). The Court will therefore overrule Plaintiff's third objection.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Plaintiff's objections. The Court finds Plaintiff's objections unconvincing and agrees

6

with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Plaintiff's motion to remand.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objections [24] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Judge Morris's Report and Recommendation [22] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [19] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [20] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

    s/Stephen J. Murphy, III
    STEPHEN J. MURPHY, III
    United States District Judge

Dated: April 21, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2021, by electronic and/or ordinary mail.

    s/David P. Parker
    Case Manager